IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNIE B. WILLIAMS, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, ET AL., | : | |
| Respondents | : | NO. 04-1794 |

**O R D E R**

AND NOW, this 23rd day of August, 2005, after careful review of the Report and Recommendation of United States Magistrate Judge Charles B. Smith (Docket No. 9) and the Objection thereto (Docket No. 12),[1] it is **ORDERED** that:

---

[1] Upon close review of the Petitioner's Objection to the Report and Recommendation, the Court finds that Petitioner cannot overcome the fact that his Petition for Habeas Corpus was untimely filed. The Court notes that even assuming the truth of Petitioner's objections with respect to service of the Respondents' Motion for an Enlargement of Time to respond to the Petition and alleged lack of service upon him of the Response, these assertions do not change the fact that the Petition itself was not filed in a timely manner. That is, the enlargement of time to file a response to the Petition necessarily occurred *after* the Petition was untimely filed, and, therefore, is of no consequence to this ruling. Petitioner's lengthy and more substantive argument with respect to an alleged ineffective assistance of counsel at, and after, his criminal trial also does not excuse or mitigate the untimeliness of his Petition.

The Court acknowledges that, as Petitioner states, under the Commonwealth of Pennsylvania Rules of Criminal Procedure an appellant has a right to counsel on direct appeal. See Comm. v. Liebel, 825 A.2d 630, 633 (Pa. 2003). However, in the Objection, Petitioner makes no effort to explain the more than three year delay in filing the Petition but simply argues that he disagrees with the Report and Recommendation at least in part because the Pennsylvania Superior Court did not properly consider his appellate argument with respect to ineffective assistance of counsel. Absent extraordinary circumstances that would warrant equitable tolling, the Petition remains untimely filed. In short, after reviewing the Report and Recommendations, the Objection, and the documents supporting the conclusion of the Magistrate Judge that the Petitioner did not exercise reasonable diligence in filing his habeas corpus petition before the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 had run, the Court agrees that Petitioner was not "in some extraordinary way . . . prevented from asserting his rights." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Therefore, the Court adopts in its entirety the Report and Recommendation of Magistrate Judge Smith.

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**; and

3. There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
GENE E.K. PRATTER
United States District Judge